IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CYNTHIA BOURGEOIS                                                                    PLAINTIFF

VS.                                       CASE NO. 06-CV-4061

DOUGLAS VANDERBILT, et al.                                                         DEFENDANTS

NATIONAL INTERSTATE INSURANCE COMPANY                                 INTERVENOR

## MEMORANDUM OPINION

Before the Court is a partial Motion for Summary Judgment filed on behalf of Separate Defendant State Farm Mutual Automobile Insurance Company. (Doc. 32). The Plaintiff has responded. (Doc. 39). A hearing was held regarding this motion on August 8, 2007. The Court finds this matter ripe for consideration.

### I. BACKGROUND

Cynthia Bourgeois is a resident of Baton Rouge, Louisiana. On July 30, 2005, she was employed as a bus driver for Dixieland Tours and Cruises, Inc., also of Baton Rouge, Louisiana. While she was driving Dixieland's bus south on U.S. Highway 71 in Miller County, Arkansas, she was struck by a northbound truck driven by Separate Defendant Douglas Vanderbilt of Texarkana, Arkansas. Cynthia Bourgeois was injured in the collision and has alleged damages exceeding $75,000.

The vehicle driven by Vanderbilt was insured with Southern Farm Bureau Casualty Insurance Company. The Farm Bureau policy contained limits of liability in the amount of $25,000 per person and $50,000 per accident. The bus being driven by Bourgeois was insured by

a Louisiana policy with National Interstate Insurance Company. The National policy contained uninsured/underinsured motorist coverage with limits of liability of $50,000 per incident that covered the driver and all injured passengers. There were forty passengers on the bus when the accident occurred.

At the time of the accident, Bourgeois owned two personal vehicles garaged in Baton Rouge, Louisiana, which were not involved in the accident. Each vehicle was insured by separate Louisiana policies of automobile insurance written with State Farm. A 2004 Ford Mustang was insured by State Farm policy number 87-6406-A20-18. A 1988 Ford LTD was insured by State Farm policy number 94-8186-C11-18. Both policies contained identical language providing uninsured/underinsured motorist coverage with limits of liability under each policy of $25,000 per person and $50,000 per accident.[1] The State Farm policies contained anti-stacking language.

Bourgeois has sued Vanderbilt and Farm Bureau for injuries and damages caused by the collision. She has also sued National regarding the underinsured motorist coverage that it provided on the bus driven by her. Additionally, she has sued State Farm regarding its underinsured motorist coverage. State Farm asserts in its partial Motion for Summary Judgment that Bourgeois may only stack one of her personal policies onto National's policy for a total exposure of $25,000 for State Farm. This order will address the issue of stacking regarding the State Farm policies.

---

[1] State Farm initially contested the fact that both policies contained the $25,000/$50,000 limits of liability; however, State Farm conceded this point during arguments at the August 8, 2007 hearing.

## II. SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for the plaintiff, however, summary judgment is properly granted to a defendant. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

## III. DISCUSSION

Both parties agree that, because this is a diversity jurisdiction case and because the present dispute involves Louisiana insurance policies, Louisiana substantive law governs this

particular issue. Also, Louisiana has the most significant relationship to the transaction at issue, which is the purchase of the State Farm insurance policies.[2]

State Farm asserts that Bourgeois may recover under one State Farm policy and cannot stack both State Farm policies on top of the National policy. The Court agrees. The Louisiana statute governing stacking is Louisiana Revised Statutes Annotated § 22:680(1)(c), which provides in part:

> (I) If the insured has any limits of uninsured[3] motorist coverage in a policy of automobile liability insurance, ... then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance, and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; however, with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
>
> (ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, ... the following priorities of recovery under uninsured motorist coverage shall apply:
>
>> (aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
>>
>> (bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. *In no instance, shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.*

La. Rev. Stat. Ann. § 22:680(1)(c) (emphasis added).

---

[2]Bourgeois is a resident of Louisiana and the State Farm policies were written and issued in Louisiana.

[3] As noted by both parties, "uninsured" is the legal equivalent of "underinsured" in this statute and these terms are interchangeable. *See* La. Rev. Stat. Ann. § 22:680(2).

Here, Bourgeois was injured while operating/occupying the bus, which she did not own. Thus, pursuant to the statue, National holds the primary uninsured coverage because it insured the bus. Plaintiff has alleged that her injuries exceed the coverage of Farm Bureau (Vanderbilt's insurer) and the primary uninsured coverage, which is National (Dixie Land Tours's insurer). According to the statute, Bourgeois may stack only one coverage from one uninsured motorist policy onto the primary uninsured coverage provided by National. Therefore, Bourgeois may stack one of her State Farm policies onto National's policy. In other words, the statute allows Bourgeois to recover from the underinsured motorist coverage provided by National on the bus that she was driving as the primary coverage, and since it was a non-owned vehicle, she may recover from only one of her State Farm policies.   The language of Bourgeois's State Farm policies supports this result as well. Both policies contain coverage of $25,000 per person and $50,000 per accident. The policies provide that if the insured sustains bodily injury while occupying a non-owned vehicle, the insured may only recover "(1) from the uninsured motor vehicle coverage ... on the occupied vehicle; and (2) from no more than one additional uninsured motorist vehicle coverage chosen by the insured from the coverages available." The policy will not pay damages if it is not chosen by the insured to apply. Further, the policy states that "[i]f the coverage on the occupied vehicle is uninsured motor vehicle coverage[,] it shall be primary. If the primary coverage is exhausted[,] this coverage shall pay on an excess basis." This policy language limits Bourgeois to recovery from the occupied vehicle (the bus) and one additional

coverage chosen by Bourgeois.  Thus, Bourgeois may recover up to $25,000 from either State Farm policy—but not from both.[4]

## IV. CONCLUSION

The Court finds that there is no genuine issue as to any material fact and that State Farm is entitled to a judgment as a matter of law.  For reasons discussed herein and above, Separate Defendant State Farm Mutual Automobile Insurance Company's partial Motion for Summary Judgment is **granted**.  If the primary uninsured motorist coverage is exhausted, then Bourgeois may recover, on an excess basis, from the uninsured motor vehicle coverage provided by one of her State Farm policies.  An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 10th day of August, 2007.

>    /s/Harry F. Barnes
> Hon. Harry F. Barnes
> United States District Judge

---

[4]Bourgeois's attorney agreed in his response to the Motion for Summary Judgment that Bourgeois may recover from only one State Farm Policy, but he argued that the policies were not identical in their coverage limits. However, at the August 8, 2007 hearing, Bourgeois's attorney conceded that both policies limited the amount of uninsured motorist coverage to $25,000 per person.