IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CYNTHIA BOURGEOIS                                                                              PLAINTIFF

VS.                                        CASE NO. 06-CV-4061

DOUGLAS VANDERBILT, et al.                                                               DEFENDANTS

NATIONAL INTERSTATE INSURANCE COMPANY                                    INTERVENOR

### MEMORANDUM OPINION and ORDER

Before the Court is a partial Motion for Summary Judgment filed by Plaintiff. (Doc. 63). Included in this summary judgment motion are two alternative motions: (1) Motion to Declare Insurance Coverage and Limits of National Interstate Insurance Company in Favor of Plaintiff and (2) Motion for Stay/Injunction of Parallel State Court Proceeding. (Doc. 63). Separate Defendant National Interstate Insurance Company has responded. (Doc. 66). The Court finds this matter ripe for consideration.

### I.  BACKGROUND

This suit arises from a motor vehicle accident. Cynthia Bourgeois, a resident of Baton Rouge, Louisiana, was employed as a bus driver for Dixieland Tours and Cruises, Inc. ("Dixieland"), also of Baton Rouge, Louisiana. On July 30, 2005, as Bourgeois was driving Dixieland's bus south on U.S. Highway 71 in Miller County, Arkansas, she was struck by a northbound truck driven by Separate Defendant Douglas Vanderbilt of Texarkana, Texas. Cynthia Bourgeois was injured in the collision and has alleged damages exceeding $75,000.

The vehicle driven by Vanderbilt was insured with Southern Farm Bureau Casualty

Insurance Company. The Farm Bureau policy contained limits of liability in the amount of $25,000 per person and $50,000 per accident. The bus being driven by Bourgeois was insured by a Louisiana policy with National Interstate Insurance Company. The National Interstate policy contained uninsured/underinsured ("UM") motorist coverage with limits of liability of $50,000 per incident that covered the driver and all injured passengers. There were forty passengers on the bus when the accident occurred.

Bourgeois and the bus passengers involved in the accident have filed a claim for damages seeking to recover uninsured/underinsured benefits from National Interstate's policy.[1] Bourgeois filed suit in this Court, and the bus passengers initiated several suits in Louisiana in the 19th Judicial District Court for the Parish of East Baton Rouge. On August 3, 2006, National Interstate filed a Petition for Concursus in the Louisiana state court, naming multiple bus passengers as defendants. National Interstate amended its Petition for Concursus to add Bourgeois as an additional defendant. The National Interstate insurance policy at issue provided uninsured/underinsured coverage of $25,000 per person and $50,000 per accident. On August 24, 2006, the Louisiana state court issued an order that allowed National Interstate to deposit $50,000 in underinsured motorist proceeds into the registry of the court, relieving National Interstate from paying any costs incurred in the matter. National Interstate has tendered its $50,000 to the court registry.

Bourgeois asserts in her Motion for Summary Judgment that the insurance policy at issue should be reformed to conform to Arkansas law, which does not permit the selection of lower

---

[1] Bourgeois has also filed suit against Vanderbilt and Farm Bureau for injuries and damages caused by the collision.

limits but only permits a waiver of UM coverage altogether. Bourgeois argues that, because Arkansas does not permit the selection of lower limits, Dixieland's selection of lower limits is invalid. Thus, National Interstate's UM coverage limit should be equal to its $5 million liability coverage limit. Accordingly, Bourgeois asks the Court to declare that National Interstate's UM coverage limit is $5 million. This order will address the issue of the UM coverage available under National Interstate's insurance policy.

## II. SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L .Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for the

plaintiff, however, summary judgment is properly granted to a defendant. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

### III. DISCUSSION

The parties disagree on whether Arkansas or Louisiana law governs the insurance policy at issue. Bourgeois argues that Arkansas law should apply to the policy because the automobile accident occurred in Arkansas and because Dixieland routinely sent buses through Arkansas. National Interstate asserts that Louisiana law governs the policy because National Interstate's policy was formed and issued in Louisiana and because Louisiana has a significant relationship to the parties and subject litigation. The Court agrees with National Interstate.

A federal court's interpretation of an insurance policy in a diversity case is governed by state law. *National Union Fire Ins. Co. of Pittsburgh v. Terra Industries, Inc.*, 346 F.3d 1160, 1164 (8th Cir. 2003). In a diversity case, the Court applies the choice-of-law rules of the forum state. *U.S. Fire Ins. Co. v. Kresser Motor Service. Inc.*, 26 F.3d 91, 94 (8th Cir. 1994). Traditionally, in Arkansas, choice-of-law questions regarding insurance coverage have been resolved by applying the law of the state where the insurance contract was formed (*the lex loci contractus* rule). *Southern Farm Bureau Cas. Ins. Co. v. Craven*, 89 S.W.3d 369, 372 (Ark. App. 2002); *see U.S. Fire*, 26 F.3d at 91. However, Arkansas courts now also consider which state has the most significant contacts with the issue at hand. *Southern Farm*, 89 S.W.3d at 372. In conducting this analysis, courts consider the following contacts (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *Id*.

The Court believes that whether the *lex loci contractus* rule or the significant contacts analysis applies, the insurance contract in the present case is governed by Louisiana law. It is undisputed that the insurance contract was formed in Louisiana. Most of the significant contacts are with the state of Louisiana. The insured is a Louisiana company. Bourgeois is a resident of Louisiana. The insured bus was registered and principally garaged in Louisiana. The only contact with the state of Arkansas is that the accident occurred here.

Bourgeois argues that Arkansas law should apply to the policy because public policy favors the application of Arkansas law and because the accident took place in Arkansas. However, this is simply not the law. Bourgeois offers no convincing authority[2] as to why the law of Arkansas should apply to the contract dispute at issue. Instead, the case law overwhelmingly suggests that Louisiana, the state where the policy was issued, governs this contract matter. *See U.S. Fire*, 26 F.3d at 91; *Lienemann v. King*, 832 F. Supp. 257, 261 (W.D. Ark. 1993); *Southern Farm*, 89 S.W.3d at 372.

Now the Court must determine whether the insurance policy at issue complies with Louisiana law. Louisiana's uninsured motorists statute states that the uninsured motorists coverage limits of an insurance policy must not be less than the minimum liability limits provided by the policy. La. R.S. 22:680. However, the statute allows an insured to select lower

---

[2]Bourgeois cited two Louisiana cases in support of her assertion that Arkansas law should apply here, *Johnson v. St. Paul Mercury Ins. Co.*, 236 So.2d 216 (La. 1970) and *Williams v. Pope Mfg. Co.*, 27 So.2d 851 (La. 1900). These two cases hold that, in tort cases, the tort law of the state where the accident occurred should apply. These cases, however, are not on point because the dispute at issue here involves the interpretation of an insurance policy. Moreover, in a diversity case, the Court applies the choice-of-law rules of the forum state. *U.S. Fire Ins. Co. v. Kresser Motor Service. Inc.*, 26 F.3d 91, 94 (8th Cir. 1994). Bourgeois cites no cases from Arkansas, the forum state, that support her contention that Louisiana law should apply.

limits of uninsured motorists coverage or reject uninsured motorists coverage altogether. *Id*. The selection of lower limits must be made on a form prescribed by the commissioner of insurance. *Id*. The selection of lower limits is presumed valid if the prescribed form is properly completed and signed by the insured or his agent *Id*.

The Louisiana Supreme Court in *Duncan v. U.S.A.A. Ins. Co.*, 950 S.2d 544 (2006), set forth six tasks that must be completed on the prescribed form for an insured's valid rejection of uninsured motorists coverage: (1) initialing the selection or rejection of coverage chosen; (2) filling in the amount of coverage selected for each person and accident if lower limits are chosen; (3) printing the name of the insured or legal representative; (4) signing the name of the insured or legal representative; (5) filling in the policy number; and (6) filling in the date. *Duncan*, 950 So.2d at 551.

In his affidavit, Norman Augusta, Dixieland's Chief Executive Officer and Chairman, stated that he completed and signed the prescribed form for selecting lower limits. Augusta selected and initialed the second coverage option on the form. The second coverage option is a selection of uninsured motorists coverage with limits lower than the liability coverage limits contained in the National Interstate policy. Augusta properly filled in the selected amount of uninsured motorist coverage for each person and accident. He entered $25,000 for each person and $50,000 for each accident. Augusta then printed his name and signed the prescribed form as the legal representative of Dixieland and filled in the policy number, YPP 1368460-03, and the date, April 15, 2005. Because Augusta properly completed and signed the prescribed form for selecting lower limits, the selection of lower limits by Dixieland is presumed valid under

6

Louisiana law.  *See*  La. R.S. 22:680.  Thus, the $50,000 uninsured motorist limits of the National Interstate policy apply to this case.

Bourgeois asks the Court to enjoin the parallel state court action pending in the 19th Judicial District Court for the Parish of East Baton Rouge until this Court issues its decision regarding the amount of uninsured motorists coverage available under the National Interstate policy.  However, the issuance of this order and opinion renders Bourgeois's alternative Motion for Stay/Injunction of Parallel State Court Proceeding moot.

## IV. CONCLUSION

For reasons discussed herein and above, Plaintiff's partial Motion for Summary Judgment is **DENIED**.  Accordingly, Plaintiff's alternative motions, the Motion to Declare Insurance Coverage and Limits of National Interstate Insurance Company in Favor of Plaintiff and the Motion for Stay/Injunction of Parallel State Court Proceeding, are **DENIED**.

IT IS SO ORDERED, this 8th day of November, 2007.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge