IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CYNTHIA BOURGEOIS                                                                      PLAINTIFF

VS.                                    CASE NO. 06-CV-4061

DOUGLAS VANDERBILT, et al.                                                         DEFENDANTS

NATIONAL INTERSTATE INSURANCE COMPANY                                  INTERVENOR

## MEMORANDUM OPINION and ORDER

Before the Court is a Motion to Dismiss filed by Separate Defendant Southern Farm Bureau Casualty Insurance Company, Inc. ("Farm Bureau"). (Doc. 152). Plaintiff has responded. (Doc. 154). Farm Bureau filed a reply. (Doc. 155). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On July 30, 2005, Plaintiff was seriously injured in an automobile accident. Plaintiff was driving a bus when she was struck by a truck driven by Douglas Vanderbilt. In 2006, Plaintiff filed a Complaint against Vanderbilt and his insurer, Farm Bureau.[1] Plaintiff alleges that Vanderbilt's negligence caused her injuries and that Farm Bureau is liable to her based upon the fault of its insured, Vanderbilt. Farm Bureau argues that any claims against it should be dismissed, because Arkansas does not allow a direct cause of action against a liability insurance carrier for the alleged negligent acts of its insured.

### II. DISCUSSION

When deciding a motion to dismiss, the Court must assume as true all factual allegations of the complaint. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). "To

---

[1]Plaintiff also named other Defendants in the Complaint; however, Vanderbilt and Farm Bureau are the only Defendants left in this lawsuit.

survive dismissal, the complaint must allege 'only enough facts to state a claim to relief that is plausible on its face.'" *Id*. (citing *Bell v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

Here, Farm Bureau argues that Plaintiff's cause of action against Farm Bureau is not a viable cause of action, because Arkansas has no statute providing for a direct cause of action against a liability insurance carrier when the carrier is a for-profit corporation. Therefore, Farm Bureau contends that Plaintiff's claims against it should be dismissed. Plaintiff seems to argue that there is a possibility that Louisiana law could apply here and that Louisiana does permit direct causes of action against liability insurance carriers, even when the carrier is a for-profit corporation.[2]

The threshold question here is which state's laws apply to the cause of action against Farm Bureau. As this is a diversity case, Arkansas choice-of-law rules are applicable. *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005 (8th Cir. 2008). Arkansas law provides that procedural matters are determined by the law of the forum. *Norton v. Luttrell*, 99 Ark. App. 109, 111, 257 S.W.3d 580 (2007). Thus, in the present case, any procedural issues should be determined by Arkansas law. This Court has already held that Louisiana's statute allowing direct actions against insurers is procedural in nature.[3] *Doan v. Consumer Testing Laboratories, Inc.*, 2 F. Supp. 2d 1209, 1214 (W.D. Ark. 1998). Consequently, the Court is required to apply Arkansas law to the issue at hand.

Arkansas's direct action statute permits direct causes of action against liability insurers of certain types of organizations, such as non-profit corporations or entities not subject to tort suits. ARK. CODE ANN. § 23-79-210. Here, Farm Bureau is a for-profit corporation and Vanderbilt is

---

[2]Louisiana's "Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *Green v. Auto Club Group Ins. Co.*, 08-2868 (La. 10/28/09); ___ So. 3d ___; *see* LA. REV. STAT. ANN. § 22:1269.

[3]Louisiana courts also consider Louisiana's direct action statute to be procedural in nature. *See Green v. Auto Club Group Ins. Co.*, 08-2868 (La. 10/28/09); ___ So. 3d ___.

subject to a tort suit in Arkansas; thus, Arkansas's direct action statute does not apply here. Arkansas law simply does not allow an injured party to bring a cause of action against the liability insurance carrier for the tortfeasor. Because Arkansas's direct action statute does not permit Plaintiff to bring a direct action against Farm Bureau, the Court finds that Farm Bureau should be dismissed from this action.

### III.  CONCLUSION

For reasons discussed herein and above, the Court finds that the Motion to Dismiss filed by Separate Defendant Southern Farm Bureau Casualty Insurance Company, Inc., should be and hereby is **GRANTED**.  Southern Farm Bureau Casualty Insurance Company, Inc., is **DISMISSED** from this case.

**IT IS SO ORDERED**, this 24th day of November, 2009.

        /s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge