IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CYNTHIA BOURGEOIS                                                                           PLAINTIFF

VS.                                     CASE NO. 06-CV-4061

DOUGLAS VANDERBILT, et al.                                                              DEFENDANTS

NATIONAL INTERSTATE INSURANCE COMPANY                                  INTERVENOR

### ORDER

This case is before the Court on remand from the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit remanded this matter to the Court to conduct jurisdictional discovery to determine whether diversity jurisdiction existed as of the date Plaintiff filed her complaint. The Eighth Circuit also directed the Court to discern which of the mentioned LLC's is the proper Defendant in this action. Plaintiff and Separate Defendant Harrah's Bossier City Investment Company, LLC have filed briefs addressing jurisdiction and the identity of the proper Defendant. The Court held a hearing on this matter on April 1, 2011. The Court finds that Harrah's Bossier City Investment Company, LLC is the proper Defendant and that diversity jurisdiction existed as of the date Plaintiff commenced this action.

Invoking federal diversity jurisdiction, Plaintiff Cynthia Bourgeois sued David Vanderbilt and certain insurers in July 2006 for injuries she incurred. When she filed her complaint, Plaintiff was a resident of Baton Rouge, Louisiana, and Separate Defendant Douglas Vanderbilt was a resident of Texarkana, Texas. None of the insurance companies were citizens of Louisiana when Plaintiff filed her complaint.[1] In May 2007, Plaintiff filed an amended complaint adding a claim against

---

[1] Plaintiff sued the following three insurance companies: Southern Farm Bureau Insurance Company, State Farm Mutual Automobile Insurance Company, and National Interstate Insurance Company.

"Harrah's Shreveport/Bossier City Holding Company, LLC a/k/a Harrah's Louisiana Downs Casino & Racetrack f/k/a Louisiana Downs, Inc." (Harrah's). The amended complaint alleged that Harrah's is "a foreign corporation incorporated and domiciled in Delaware, with its principal place of business located in Las Vegas, Nevada." (ECF No. 26).

Harrah's filed a Motion to Dismiss for Lack of Personal Jurisdiction as Harrah's Bossier City Investment Company, LLC, in which it stated that Harrah's Bossier City Investment Company LLC is the only proper defendant. (ECF No. 40). After its Motion to Dismiss was denied, Harrah's filed an answer in which it alleged that it was incorrectly named and that its proper name is Harrah's Bossier City Investment Company, LLC. (ECF No. 74). At the April 1, 2011 hearing, the parties indicated that they agreed that Harrah's Bossier City Investment Company, LLC is the proper defendant. Further, Harrah's Bossier City Investment Company, LLC has admitted that it is the owner and operator of Harrah's Louisiana Downs Casino, the casino and valet services area at issue in this case.[2] (*See* ECF No. 181, Response to Second Requests for Admissions of Facts Propounded to Harrah's Bossier City Investment Company, LLC). Thus, the Court finds that Harrah's Bossier City Investment Company, LLC is the proper defendant in this action.

Having found that Harrah's Bossier City Investment Company LLC is the proper defendant, the Court will now determine whether diversity jurisdiction existed as of the date Plaintiff commenced this action. Federal court diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th

---

[2]Harrah's Louisiana Downs Casino is located at 8000 East Texas Street, Bossier City, Louisiana.

Cir. 2007). For purposes of diversity jurisdiction, "[a]n LLC's citizenship ... is the citizenship of each of its members." *Id*.

Here, there is no question that the amount in controversy is greater than $75,000. The question for the Court to determine is whether complete diversity of citizenship existed among the litigants when this action was commenced. As of the date of the filing of Plaintiff's lawsuit, the sole member of Harrah's Bossier City Investment Company, LLC was Harrah's Operating Company, Inc. Harrah's Operating Company, Inc. is a Delaware corporation with its principal place of business in Nevada. (*See* ECF No. 181, Response to Second Request for Adm9issions of Fact Propounded to Harrah's Bossier City Investment Company, LLC). Thus, Harrah's Operating Company, Inc. is a citizen of both Delaware and Nevada. *See* 28 U.S.C. 1332(c)(1) ("A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Because an LLC's citizenship is that of its members, *see Borchert*, 486 F.3d at 346, Harrah's Bossier City Investment Company LLC is a citizen of both Delaware and Nevada.

At the time Plaintiff commenced this action, she was a citizen of Louisiana and Harrah's Bossier City Investment Company, LLC was a citizen of both Delaware and Nevada. None of the other separate defendants in this action were citizens of Louisiana. Thus, the Court finds that diversity jurisdiction existed as of the date Plaintiff filed her complaint.

The Clerk is directed to send a certified copy of this order to the United States Court of Appeals for the Eighth Circuit.

**IT IS SO ORDERED**, this 5th day of April, 2011.

                                        /s/ Harry F. Barnes
                                        Hon. Harry F. Barnes
                                        United States District Judge